**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT M. COLEMAN,
Appellant,

v.

UNITED STATES POSTAL SERVICE,
Agency.

DOCKET NUMBER
DA-0752-23-0008-X-1

DATE: March 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Albert Lum, Brooklyn, New York, for the appellant.

Michael Tita and Roderick Eves, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1      This compliance proceeding was initiated by the appellant's petition for enforcement of the Board's January 5, 2023 Order in *Coleman v. United States Postal Service*, MSPB Docket No. DA-0752-23-0008-I-1, in which the administrative judge accepted the parties' settlement agreement into the record for enforcement purposes. *Coleman v. United States Postal Service*, MSPB Docket No. DA-0752-23-0008-I-1, Initial Appeal File (IAF), Tab 23, Initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Decision (ID).  On November 8, 2023, the administrative judge issued a compliance initial decision finding the agency not in compliance with the Board's January 5, 2023 Order.  *Coleman v. United States Postal Service*, MSPB Docket No. DA-0752-23-0008-C-1, Compliance File (CF), Tab 9, Compliance Initial Decision (CID).  For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2        On October 11, 2022, the appellant appealed his removal by the United States Postal Service (agency) from the position of Supervisor, Customer Service. IAF, Tab 1.  On January 5, 2023, the administrative judge, pursuant to a settlement agreement between the parties, issued an initial decision which dismissed the appeal as settled and accepted the settlement agreement into the record for enforcement purposes.  ID at 1-2.  The settlement agreement called for, inter alia, expunging the appellant's removal documentation from his electronic official personnel file (eOPF) and substituting a Notification of Personnel Action, SF-50, showing he voluntarily resigned, effective January 31, 2023.  CID at 3-4. The initial decision became the final decision of the Board on February 9, 2023, when neither party petitioned for administrative review.  ID at 3.

¶3        On May 11, 2023, the appellant filed a petition for enforcement of the settlement agreement, alleging that his "PS Form 50 [Notification of Personnel Action]" in his eOPF had codes on it indicating that his departure from the agency was due to a resignation in lieu of removal.  CF, Tab 1 at 1-2.  In its response to the appellant's petition, the agency stated it had removed the appellant's Notice of Proposed Removal and Letter of Decision from his eOPF, as required by the settlement agreement.  CF, Tab 3 at 4-7.  The agency further stated that the codes in the appellant's PS Form 50 did not signify a voluntary resignation, as alleged by the appellant, but instead only indicated his last day in pay status.  *Id.*  The agency did admit, however, that, due to the appellant's attempts to apply for new

jobs with the agency, it added new documentation to his eOPF reflecting the prior misconduct that led to his removal, to ensure that other officials in the agency were aware that he was not suitable to be rehired. *Id.* at 5. The agency argued that inclusion of the new report in his eOPF was not prohibited by his settlement agreement. *Id.*

¶4    On July 18, 2023, the administrative judge held a telephonic status conference with the parties. CF, Tab 6. During the call, the administrative judge informed the appellant that, should she find noncompliance with the settlement agreement by the agency, the appellant would be allowed to elect either enforcement of the agreement or rescission of the agreement and reinstatement of his original appeal. *Id.* at 2. The appellant stated during the call that, should noncompliance be found, he would request enforcement of the agreement. *Id.*

¶5    On November 8, 2023, the administrative judge found the agency not in compliance due to its inclusion of the additional materials in the appellant's eOPF. CID at 4-7. The administrative judge found that, while the agency was in compliance with respect to the appellant's PS Form 50, the appellant and the agency had agreed to a "clean record" settlement agreement, and the agency's inclusion of the new report reflecting his removal violated that agreement. *Id.* Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance. *Coleman v. United States Postal Service*, MSPB Docket No. DA-0752-23-0008-X-1, Compliance Referral File (CRF), Tab 2.

¶6    On January 1, 2024, the appellant argued to the Board that the agency's noncompliance prevented him from being able to apply for new jobs with the agency. CRF, Tab 3 at 4. The appellant requested that the Board order the

agency to reinstate him to employment and pay him back pay to remedy the noncompliance. *Id.*

¶7   On January 19, 2024, the agency submitted a pleading in which the agency representative declared under penalty of perjury that the agency's additional report reflecting the appellant's removal had been removed from the appellant's eOPF. CRF, Tab 4 at 4.

## ANALYSIS

¶8   The Board has authority to enforce a settlement agreement that has been entered into the record for enforcement purposes in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010). A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011). Where, as here, an appellant alleges noncompliance with a settlement agreement, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Vance*, 114 M.S.P.R. 679, ¶ 6.

¶9   The agency's outstanding compliance obligation was to remove the "NACI report" reflecting the appellant's removal from the appellant's eOPF. On January 19, 2024, the agency submitted a pleading that declared under penalty of perjury that it had expunged the additional "NACI report" from the appellant's eOPF. CRF, Tab 4 at 4. The appellant did not file any response to the agency's January 19, 2024 submission. Therefore, based on the agency's submission, we find that the agency is now in full compliance with the Board's January 5, 2023 Order.

¶10   Finally, addressing the appellant's request for reinstatement and back pay due to the agency's noncompliance, the Board has no authority to grant the requested remedy. *Wonderly v. Department of the Navy*, 68 M.S.P.R. 529, 532

(1995). Where an appellant establishes that an agency is in breach of a settlement agreement, he is entitled only to enforcement of the agreement or rescission of the agreement and reinstatement of his claim on appeal. *Id.* When presented with this choice by the administrative judge, the appellant elected enforcement of the agreement, and the Board has accordingly enforced it by requiring the agency to meet its obligations. CF, Tab 6 at 2.

¶11      Accordingly, in light of the agency's evidence of compliance, the Board finds the agency in compliance and DISMISSES the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                 *Gina K. Grippando*

                                               _____
                                               Gina K. Grippando
                                               Clerk of the Board

Washington, D.C.